1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11

MARVIN LEE JAMES,

Case No. 2:22-cv-05277-DSF (AFM)

12

Plaintiff,

13

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

v.

14
15

D. SAMUEL, *et al.,*

16

Defendants.

17
18

On July 29, 2022, plaintiff, proceeding *pro se*, filed this civil rights action

19

pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff is a state prisoner who is

20

presently incarcerated at the California Men's Colony in San Luis Obispo, California

21

("CMC").  Plaintiff also filed a Request to Proceed Without Prepayment of Filing

22

Fees, which was granted.  (ECF Nos. 2, 4.)  Plaintiff names as defendants CMC

23

Warden D. Samuel, CMC Facility Captain M. Thurry, and CMC Chief Deputy

24

Warden J. Steck.  All defendants are named in their official as well as individual

25

capacities.  (*Id.* at 3, 8-9.)  For all of his claims, plaintiff appears to allege a single

26

incident date of November 21, 2021.  On this date, plaintiff alleges that he fell while

27

walking in the yard of CMC.  (*Id.* at 9.)  The Complaint appears to raise one claim

28

under the Eighth Amendment for failing to protect plaintiff from a substantial risk of

serious harm. (*Id.* at 14-15.)  Attached to the pleading are: two declarations by fellow inmates, one of whom witnessed plaintiff's fall (*id.* at 17-18), and one of whom subsequently was assigned to repair a "pothole" (*id.* at 19); copies of some of plaintiff's medical records (*id.* at 21-22); copies of a grievance that plaintiff filed following the incident (*id.* at 24-30); and a blank state court "Petition for Resentencing" (*id.* at 32-33).  Plaintiff seeks monetary damages herein.  (*Id.* at 15.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading is governed by the following standards.   A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff.  *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible."  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Nor is the Court "bound to accept as true a legal conclusion

1    couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-
2    me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal
3    quotation marks and citations omitted).

4         Because plaintiff is appearing *pro se*, the Court must construe the allegations
5    of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe*
6    *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152,
7    1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was
8    required to 'afford [him] the benefit of any doubt' in ascertaining what claims he
9    'raised in his complaint'") (alteration in original).  Nevertheless, the Supreme Court
10   has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
11   relief' requires more than labels and conclusions, and a formulaic recitation of the
12   elements of a cause of action will not do. . . . Factual allegations must be enough to
13   raise a right to relief above the speculative level . . . on the assumption that all the
14   allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.*
15   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in
16   original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a
17   claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state
18   a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when
19   the plaintiff pleads factual content that allows the court to draw the reasonable
20   inference that the defendant is liable for the misconduct alleged." (internal citation
21   omitted)).

22        In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

23        A pleading that states a claim for relief must contain: (1) a
          short and plain statement of the grounds for the court's
24        jurisdiction . . .; (2) *a short and plain statement of the claim*
25        *showing that the pleader is entitled to relief*; and (3) a
          demand for the relief sought, which may include relief in
26        the alternative or different types of relief.

27

28   (Emphasis added).  Rule 8(d)(1) provides: "Each allegation must be simple, concise,

and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages.  *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).  Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit."  *See McHenry*, 84 F.3d at 1179.

Following careful review of the Complaint, the Court finds that plaintiff's pleading does not comply with Rule 8 because it fails to include a short and plain statement of any claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  Further, the factual allegations appear insufficient to state a federal civil rights claim on which relief may be granted against any defendant.  Accordingly, the Complaint is dismissed with leave to amend to correct the deficiencies as discussed in this Order.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order,**

**remedying the deficiencies discussed herein.**  Plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading, the Court will recommend that this action be dismissed without further leave to amend.[1]

## A.  SUBJECT MATTER JURISDICTION

A federal court has "an 'independent obligation' to assess whether it has jurisdiction" before proceeding to the merits of a case. *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").  The Court may dismiss a case summarily if the pleading presents an obvious jurisdictional issue. *See, e.g., Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985, 989 (9th Cir. 2003) (a court may dismiss *sua sponte* and without notice for lack of subject matter jurisdiction without violating due process).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stevedoring Servs. of Am. Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992).  To support federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must present a substantial federal question on the face of a complaint.  *See*

---

[1]  Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

*Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). Further, "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015); *see also Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (a claim lacks an "arguable basis in fact" "when the facts alleged rise to the level of the irrational or the wholly incredible").

Here, plaintiff purports to be raising one or more claims under the Eighth Amendment of the United States Constitution. In his Complaint, plaintiff alleges that defendants acted "with deliberate indifference," and he cites *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). (ECF No. 1 at 7, 13-15.) The Complaint, however, appears to allege factual allegations concerning unspecified prison officials' *negligent* failure to "ensure that [the] prison facility's maintenance [was] being carried out adequately by its staff" or from the defendants' delegation of their "duty" to supervise "the Statewide Automated Preventative Maintenance System." (*Id.* at 8-9, 12.) Plaintiff explicitly alleges that his injury was caused by "the gross neglegence [sic] by the defendants who … disregard[ed] the need to make complete repairs to [the] prison facility's asphalt pavement." (*Id.* at 12.) The Supreme Court long has made clear that "liability for *negligently* inflicted harm is categorically beneath the threshold" of constitutional harm. *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2105) (emphasis in original); *Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, no

procedure for compensation is *constitutionally* required." (emphasis in original, internal quotation marks omitted)); *see also Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002) (Correctional officials "cannot be found liable under the Eighth Amendment" for "merely being negligent, or failing to alleviate a significant risk that [they] should have perceived but did not."). Accordingly, plaintiff's allegations that three CMC officials acted negligently by failing to supervise the maintenance staff and ensure that adequate repairs were made to the pavement of the yards at CMC simply cannot give rise to a federal civil rights claim.

Further, plaintiff names each of the defendants in their official as well as individual capacity. The defendants, however, are all alleged to be employed by the California Department of Corrections and Rehabilitation ("CDCR"), which is a state agency. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166 (emphasis in original). The Eleventh Amendment bars federal jurisdiction over suits brought by individuals against a State and its instrumentalities or agencies, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*) (finding a suit against state's Board of Corrections barred by the Eleventh Amendment). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering*

*v. Univ. of Calif., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity) (*superseded on other grounds as recognized*, *Lane v. Pena*, 518 U.S. 187, 197-200 (1996)). Finally, Congress has not repealed state sovereign immunity against suits brought pursuant to 42 U.S.C. § 1983. Accordingly, this Court also lacks jurisdiction over plaintiff's claims for monetary damages against defendants in their official capacities.

As currently pled, it appears that plaintiff has failed to present a substantial federal question on the face of his Complaint. The Court therefore appears to lack jurisdiction over plaintiff's claims in this action. *See, e.g., Quillin v. Oregon*, 127 F.3d 1136, 1138 (9th Cir. 1997) ("in the absence of a waiver by [a state] of its Eleventh Amendment immunity, federal courts lack jurisdiction").

**B.    RULE 8**

In addition, plaintiff's pleading violates Rule 8 in that it fails to allege a minimum factual and legal basis for any claim that is sufficient to give each defendant fair notice of what claims are raised against each defendant and which factual allegations in the pleading give rise to each claim.

Within the Complaint, plaintiff references the Eighth Amendment and alleges that "staff" "recklessly disregard[ed] the need to make complete repairs to its [sic] prison facility's asphalt pavement," which plaintiff alleges violated his "rights [sic] to be free from dangerous conditions." (ECF No. 1 at 12, 14-15.) Plaintiff also alleges (without any factual allegations to support his speculation) that defendants in general "allowed urgent work orders to go unfulfilled" (*Id.* at 12.) The only specific allegations against any of the defendants are that each of them "breached the duty delegated to [him or her] which led to the Constitutional violation." (*Id.* at 8-9.) Plaintiff also alleges that defendant Steck responded to a grievance that plaintiff filed and notified plaintiff that the "asphalt repairs were completed on 12/17/2021." (*Id.*

at 11.)  Plaintiff's claims herein appear to arise from the accident on November 21, 2021, when plaintiff fell after stepping on "a piece of broken asphalt" while walking outside on the pavement "near Building 6."  (*Id.* at 9.)  Plaintiff does not allege that he had notified any prison official of the existence of "broken asphalt" in this area prior to his fall, or that he has personal knowledge that another prisoner had previously filed a grievance about such "broken asphalt."  To the contrary, plaintiff alleges that he was "advised" in December 2021 (long after the accident) "on the process of submitting a work order request to custody staff."  (*Id.* at 10.)  Plaintiff also alleges that he was advised that "asphalt repairs were completed" by mid-December, approximately one month after his fall.  (*Id.* at 11.)  To support his claims against defendants regarding their alleged failure to prevent plaintiff's accident, plaintiff merely alleges that one member of the staff at CMC fell "several times" at an unspecified location.  Plaintiff does not allege how close these accidents occurred, either in space or in time, to plaintiff's accident, nor does he allege any facts showing that the asphalt in the area where the staff member fell was not repaired in a timely manner.  (*Id.*)  Rather, plaintiff states the entirely unsupported allegation that unspecified "staff / officials knew its [sic] asphalt pavement was in dire need of a complete over-haul," but "such repairs were not made."  (*Id.*)

In his Complaint, plaintiff does not set forth factual allegations raising a plausible inference that any of the named defendants was subjectively aware, prior to plaintiff's fall, that any portion of the asphalt in the area where plaintiff fell was in need of repair.  To state a federal civil rights claim against a specific defendant, a pleading must set forth facts alleging that such defendant, acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff

complains].'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). Here, plaintiff altogether fails to allege that any individual defendant (or other specific official at CMC) took an affirmative act, participated in another's affirmative act, or failed to take an action that he or she was legally required to do that *caused* plaintiff to suffer a constitutional deprivation.  Further, plaintiff sets forth no facts showing that the "piece of broken asphalt" that plaintiff stepped on resulted from inadequate maintenance or posed a serious risk to inmates using the yard.  (*Id.* at 9.) The Court disregards the allegations in the Complaint that are unsupported and conclusory while determining whether any claim raised in the pleading is plausible. *See, e.g., Salameh*, 726 F.3d at 1129; *Keates*, 883 F.3d at 1243.

Moreover, plaintiff appears to be attempting to hold the three named defendants liable solely in their supervisory roles.  Plaintiff alleges that "Supervisors here at CMC [are] responsible for the physical health and safety" of inmates; that each of the named defendants was "obligated under state and federal laws to protect incarcerated persons"; that defendants failed in their duty "of overseeing" a maintenance system; and that defendants were "acting in their Supervisor role" when they "deprived plaintiff of his civil rights."  (ECF No. 1 at 8, 12, 15.)  Supervisory personnel, however, are not liable under § 1983 on a theory of respondeat superior. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  In his Complaint, plaintiff fails to allege any specific facts showing that any one of the named defendants set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury."  *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).  To the extent that plaintiff is purporting to state a claim against any of the named defendants in their

individual capacity arising from an affirmative act taken by such defendant, the participation of such defendant in another's affirmative act, or the defendant's failure to perform a particular act that he or she was legally required to do that *caused* plaintiff to suffer a constitutional deprivation, plaintiff should, in an amended pleading, support each such claim with facts alleging "simply, concisely, and directly [the] events" that entitle him to damages from each defendant. *Johnson*, 574 U.S. at 12.

Further, plaintiff alleges that defendant Steck responded to a grievance that plaintiff filed, but the defendant made a false statement therein and failed to address plaintiff's request for compensation. (*Id.* at 11.) To the extent that plaintiff is purporting to state a federal civil rights claim arising from allegations that an administrative grievance he filed was not adequately handled, plaintiff has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, plaintiff may not state a federal civil rights claim against any CDCR official arising from the defendant's failure to properly process plaintiff's administrative grievances.

In addition, plaintiff appears to be alleging that defendants generally failed to adequately implement a statewide "preventative maintenance system" and failed to comply with state laws concerning the protection of prisoners from "dangerous environments." (ECF No. 1 at 12.) However, to the extent that plaintiff is purporting to raise a federal civil rights claim against any defendant for violating state law or for failing to comply with CDCR regulations, allegations that a defendant failed to comply with internal agency regulations or state law simply cannot give rise to a federal civil rights claim. *See, e.g., Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71

(9th Cir. 2009).

Plaintiff attached a portion of his medical records to the pleading (ECF No. 1 at 21-22), but plaintiff does not appear to be alleging any claim concerning the medical care that he received in connection with the alleged incident, nor does he name any defendant who is alleged to have provided constitutionally inadequate medical care at any relevant time. To the extent that plaintiff feels that any portion of his medical record is integral to any of the claims that he may wish to raise in a First Amended Complaint, he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in his amended pleading.

Plaintiff's single claim in the Complaint appears to arise from general and unsupported allegations against prison officials at the facility at which he is being held for officials' negligent failure to properly maintain the surface of a portion of the prison yard. Although plaintiff alleges that all three of the named defendants "violated his rights to be protected from conditions that they knew" caused inmates to "face substantial risk of serious harm" and failed to take "measure[s] to abate it" (ECF No. 1 at 15), plaintiff fails to set forth any specific facts against any named defendant showing that such defendant was aware of any substantial risk at any relevant time. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). Following careful review of the Complaint, it is entirely unclear to the Court what and how many federal civil rights claims plaintiff intends to allege in this action against which defendant. Accordingly, plaintiff has failed to meet his pleading burden of alleging that a named defendant, acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. Plaintiff's pleading entirely fails to allege that any of the named defendants took an affirmative act, participated in another's affirmative act, or failed to perform an act that he or she was legally

required to do that *caused* plaintiff to suffer a specific constitutional deprivation at a particular time.  To state a claim against an individual defendant, plaintiff must allege sufficient factual allegations *against that defendant* to nudge each claim plaintiff wishes to raise "across the line from conceivable to plausible."  *See Twombly*, 550 U.S. at 570; *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires at a minimum that a pleading allow each defendant to discern what he or she is being sued for).

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  In addition, the Supreme Court has held that, while a plaintiff need not plead the exact legal basis for a claim, plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform each defendant of the factual grounds for each claim.  *Johnson*, 574 U.S. at 12.  In the Complaint, plaintiff fails to do so.  As currently pled, it is not clear what action by which prison official at what time allegedly caused a violation of plaintiff's federal civil rights.  Plaintiff's Complaint also fails to set forth any factual allegations supporting any plausible claim against any of the named defendants.  *See, e.g., Iqbal*, 556 U.S. at 678-79.

The Court therefore finds that plaintiff's pleading violates Rule 8 because it fails to set forth a minimal factual and legal basis for any claim sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  If plaintiff wishes to state a federal civil rights claim against any named defendant, plaintiff should set forth in a First Amended Complaint a separate, short, and plain statement of the actions that each named defendant is alleged to have taken, or failed to have taken, that *caused* plaintiff to suffer a specific violation of a right guaranteed under the federal Constitution.

## C.   EIGHTH AMENDMENT CLAIMS FOR FAILURE TO PROTECT

To the extent that plaintiff is purporting to raise a claim under the Eighth

Amendment against one or more prison official arising from an alleged failure to protect plaintiff from a substantial risk of serious harm, prison officials have a duty to protect prisoners from prison conditions posing a "substantial risk of serious harm." *Farmer*, 511 U.S. at 833.  However, a correctional official is "deliberately indifferent" under the Eighth Amendment *only* if that official is "subjectively aware of the risk and does nothing to prevent the resulting harm." *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 828-29).  To be subjectively aware of a risk, a "prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 837) (internal quotation marks omitted, alteration in original).   Correctional officials "cannot be found liable under the Eighth Amendment" for "merely being negligent, or failing to alleviate a significant risk that [they] should have perceived but did not." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002)  Additionally, plaintiff must allege that, objectively, "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

As discussed above, plaintiff's Complaint fails to allege facts showing that: (a) any one of the named defendants was subjectively aware that the portion of the prison yard where plaintiff fell was in need of repair; (b) if repair was needed, then the lack of maintenance objectively posed a substantial risk of serious harm to inmates using the yard; (c) any one of the named defendants drew the inference that "a substantial risk of serious harm" existed to inmates using that portion of the yard; and (d) such defendant chose to disregard such risk by failing to "take reasonable measures to mitigate the substantial risk." *See, e.g., Wilk v. Neven*, 956 F.3d 1143, 1148-49 (9th Cir. 2020).

Rather, in his pleading, plaintiff appears to allege that supervisory officials at CMC failed to perceive the possible risk to an inmate of a fall caused by what plaintiff

alleges was "a piece of broken asphalt" on the "facility's concrete pavement." (ECF No. 1 at 9.)   Even construing plaintiff's factual allegations liberally and giving plaintiff the benefit of any doubt, plaintiff has failed to allege that "a piece of broken asphalt" created an objectively "significant risk of serious harm." *See Farmer*, 511 U.S. at 834.   Accordingly, plaintiff's factual allegations as currently pled simply cannot give rise to a federal civil rights claim pursuant to the Eighth Amendment.

*************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.**   The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.   Plaintiff's First Amended Complaint, if he wishes to pursue this matter, should have only one title page.   *See* L.R. 1-3; L.R. 83-2.2.3.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.   Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.   Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil

Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED:  11/29/2022

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE